[No. 3051.  Decided November 21, 1898.]

Frank Malmstrom, *Respondent,* v. Northern Pacific Railway Company and Northern Pacific & Puget Sound Shore Railroad Company, *Appellants.*

PERSONAL INJURIES—NEGLIGENCE—PROXIMATE CAUSE—RELEASE OF LIABILITY—TENDER—TRIAL—ORDER OF PROOF.

Although a person may be held to have assumed the risks incident to crossing a slippery railway trestle on a dark night, when there was a longer and safer way around, yet he may recover against the railway company as the direct, proximate cause of injury to him, where at the time he attempted to cross the trestle there was no train near, but, his foot having been caught fast between two ties, he was unable to extricate it before being run down by a backing train, with no lookout stationed on the rear car to observe the track or heed the calls of himself and others to stop the train.

Where, in an action for personal injuries, the reply admits the execution of a release by the plaintiff but charges fraud in its procurement, and the court, without objection by defendants, rules that proof of fraud may be put in evidence after the introduction of the release, defendants cannot claim a non-suit, because of the failure to prove fraud in plaintiff's case in chief.

In an action for personal injuries, the failure of plaintiff to keep a tender good of moneys received by him under a release of injuries fraudulently obtained is not prejudicial error, when the amount recovered exceeded the amount paid for the release and the latter amount was credited by the jury upon the gross amount of damages awarded by them.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Donworth & Howe (Crowley & Grosscup, of counsel),* for appellants:

While general knowledge of the dangerous condition of a way is not sufficient to constitute use of that way contributory negligence *per se,* yet present knowledge of such condition and the use of that way, with such knowledge of the danger, and without necessity for such use does constitute contributory negligence *per se,* and will defeat a recovery. *McQuillan v. Seattle,* 10 Wash. 464 (45 Am. St. Rep. 799); *Wright v. St. Cloud,* 54 Minn. 94; *Smith v. Spokane,* 16 Wash. 404; *Grandorf v. Detroit Citizens' St. Ry. Co.,* 71 N. W. 844; *Anderson v. Northern Pacific Ry. Co.,* 19 Wash. 340; *Olson v. McMurray Cedar Lumber Co.,* 9 Wash. 500; *Town of Gosport v. Evans,* 13 N. E. 256 (2 Am. St. Rep. 164); *Lewis v. Puget Sound Shore R. R. Co.,* 4 Wash. 188.

The execution of the release being admitted by respondent, the overthrow of the release became a part of his case in chief, and, when he rested his case, he rested it with the fact admitted that, prior to the commencement of the action, he had released appellants from all liability. There was nothing, therefore, to submit to the jury, and the case should have been dismissed. *Pederson v. Seattle, etc., St. Ry. Co.,* 6 Wash. 202; *Addyston Pipe & Steel Co. v. Copple,* 22 S. W. 323; Bigelow, Fraud, p. 123.

Respondent has never paid into court the amount paid as the consideration for the release and which he received

at the time he executed the release.   The following cases establish that the tender should have been made good: *East Tennessee, etc., Ry. Co. v. Hayes,* 10 S. E. 350; *Vandervelden v. Chicago & N. W. Ry. Co.,* 61 Fed. 54; *Louisville & N. R. R. Co. v. McElroy,* 37 S. W. 844; *Maine v. Chicago, etc., Ry. Co.,* 70 N. W. 630.

*William Martin,* for respondent:

The evidence establishes that there was no lookout kept whatever, and it is held by many authorities that it is gross negligence for a company to back its engines or cars upon a public street without having a lookout upon the end of the engine or car.   *Barry v. New York Central, etc., R. R. Co.,* 92 N. Y. 293; *Cooper v. Lake Shore & M. S. Ry. Co.,* 66 Mich. 261 (11 Am. St. Rep. 482); *Klotz v. Winona & St. P. R. R. Co.,* 71 N. W. 257; *Kansas Pacific Ry. Co. v. Pointer,* 14 Kan. 37; *McGovern v. New York Central, etc., R. R. Co.,* 67 N. Y. 417; *Robinson v. Western Pacific R. R. Co.,* 48 Cal. 409; *Cheney v. New York Central, etc., R. R. Co.,* 16 Hun, 415; *Roth v. Union Depot Co.,* 13 Wash. 528 (31 L. R. A. 855); *Johnson v. Lake Superior Terminal, etc., Co.,* 86 Wis. 64; *East Tennessee, etc., R. R. Co. v. White,* 5 Lea, 540; *Keyser v. Chicago & G. T. Ry. Co.,* 33 N. W. 867.

Respondent, as soon as he was able to move at all, and learned that appellants had left money at the hospital for him, directed the same to be returned, which was done, and all moneys left at the hospital by appellants, or paid to the hospital authorities, was tendered back to appellants, and they refused to accept the same.   In the face of this fact, is it necessary for respondent to cite authorities to the effect that a tender of money obtained under such circumstances is necessary in order to maintain an action for damages?   If so, this court has disposed of that matter in the case of *Sanford v. Royal Ins. Co.,* 11 Wash.

653, and authorities cited therein.  See, also, *Mullen v. Old Colony R. R. Co.,* 127 Mass. 86 (34 Am. Rep. 349) ; *Chicago, etc., R. R. Co., v. Doyle,* 18 Kan. 58 ; *Alabama & V. Ry. Co. v. Turnbull,* 16 South. 346.  These are all cases where no tender was made at all, while in the case at bar a tender was made and refused.

The opinion of the court was delivered by

Scott, C. J.—Plaintiff brought this action to recover damages for personal injuries claimed to have been caused by the negligence of the defendants in backing a train upon him.  The accident happened about seven o'clock on the evening of November 15, 1896, while the plaintiff was attempting to cross diagonally the Northern Pacific railroad track on Railroad avenue, in Seattle, between where Commercial and Jackson streets cross the avenue. The track rested upon piles, and, while attempting to cross it, the plaintiff's foot was caught between the ties which were not planked over ; and before he could get it free the train was backed upon him, causing the injury. The answer denied any negligence on the part of the defendants, pleaded contributory negligence on the part of the plaintiff, and also pleaded a release executed by the plaintiff prior to the commencement of the action, whereby he relinquished all claims for damages.  The plaintiff, in his reply, admitted the signing of the release, but alleged that his signature was obtained by fraud, and that before commencing the action he had tendered to the defendants the sum paid as a consideration for the release, which the defendants refused to accept.  The trial resulted in a verdict for the plaintiff for the gross sum of $3,185.50, upon which the jury credited $1,185.50, paid by the defendants, prior to the commencement of the action, for the release aforesaid, and rendered a net verdict for the sum of $2,000.  The defendants have ap-

pealed, insisting that there is no evidence of negligence on their part, and, if there was, that the plaintiff was guilty of contributory negligence, and that his action was barred by the release in question.

There was evidence to show that people habitually crossed the track where the plaintiff attempted to, and he had walked over the same place a great many times before. His testimony shows that he considered it somewhat unsafe, and at the particular time he called to a companion, who was preceding him, when they arrived at the trestle, to be careful and not slip. There is also testimony to show that another safer, but longer, route might have been taken; and we think the evidence would have defeated a recovery, if the injuries had been directly caused by the unsafe condition of the way, and had not arisen from substantially an independent source. The plaintiff could well be held to have assumed all the risks ordinarily incident to making the crossing, but there was proof to show that at the time he and his companion undertook to cross the track, there were no trains moving in the vicinity, but at the time his foot became fast, a train some distance away began backing up toward him; that he called, and his companion called, to the train men to stop; that there was no lookout on the rear car, and the train continued backing and, he being unable to get loose, it ran upon him. We think here was direct proof of an independent fact, showing negligence on the part of the defendants, whereby the injury was caused, and the plaintiff ought not to be held to have assumed any such risk in attempting to make the crossing, although he knew that it was unsafe and that one was in danger of slipping or falling in attempting to cross it, especially in the dark.

This disposes of the first two questions urged by the appellants. As to the release, it is first contended that a motion for a non-suit made by the defendants at the close

of the plaintiff's case should have been granted, for the
reason that the reply admitted the execution of the re-
lease, but sought to avoid it on the ground of its having
been fraudulently obtained, and that the burden of proof
was upon the plaintiff to show that it had been so ob-
tained, and as to which he had offered no proof on his
primary case.    It appears, however, that before the
plaintiff rested, this matter was submitted to the court by
an inquiry on the part of the plaintiff as to the order in
which the proof should be introduced; and the court ruled
that the admission in the reply would entitle the defend-
ants to have the release read in evidence without proof of
its execution, and that afterwards the plaintiff might
show the circumstances under which it was obtained, and
the defendants have an opportunity to rebut it.    No ex-
ception was taken to this ruling by the defendants.    On
the contrary, the record fairly shows that they acquiesced
therein, and consequently the point is not now available.
Afterwards proof was introduced upon the part of the
plaintiff to show that at the time the release was executed
he was not in a condition to understand what he was
doing.    It is unnecessary to set this forth in detail, but
there was sufficient offered, if believed by the jury, to
avoid the release.

It is further contended that the plaintiff's action should
fail because, as a matter of fact, he did not make a tender
of the moneys so received prior to commencing his suit,
as alleged in his answer, but at all times retained the
money in his possession.    The plaintiff contends that he
was not bound to make such a tender, but was entitled to
have the same credited upon the amount that the jury
should find he was entitled to recover.    The defendants
contend that this should not be the rule, for the reason
that, if the recovery should be for less than the sum
originally paid for the release, the defendants would not

be in a position to obtain the excess. But we do not think
that we are called upon to consider that question in this
case, for there was no prejudicial error, as the recovery
exceeded the amount paid for the release, and the defend-
ants were in no wise injured.

Affirmed.

DUNBAR, REAVIS and ANDERS, JJ., concur.

GORDON, J., not sitting.